### TARLETON & BULLARD v. GIBSON.

1. When a sheriff returns that an execution has been levied on certain slaves, but sold the same to satisfy an older execution in his hands at the same time, he is not liable to a motion for a false return if the facts, as stated by him in his return, are true, although a sum of money may remain in his hands unappropriated after satisfying the oldest execution.

2. *Quere*—Whether such a return will discharge the sheriff from liability, if proceeded against for making no return ; and also, whether it is not his duty, after charging himself by a levy, to shew in his return every fact which is necessary to his complete discharge.

Writ of error to the Circuit Court of Talladega County.

MOTION against the defendant as sheriff of St. Clair, for a false return.

The motion to the sheriff sets out the execution, &c., on which was the following return : " Levied on four negroes, Eliza, Ellen, Mill and Sam, as the property of Solomon W. Dunn.    The property levied on by this execution, was sold to satisfy an older execution which I had at the same time." This return was averred to be false.

An issue was formed, and submitted to a jury, who returned a verdict for the defendant, on which he had judgment.

A bill of exceptions was taken at the trial by the plaintiffs, which discloses, that the evidence before the jury shewed that the return, so far as it went, was true, that is, that the slaves levied on were sold by virtue of an older execution, which was in the sheriff's hands at the same time. But the evidence also proved, that the return did not set out all the facts attending the case—that is, the slaves sold for more than sufficient to pay the older execution and all incidental expenses, costs, &c., leaving in the hands of the defendant, one hundred and seventy-four dollars unappropriated, and which should have been applied to the plaintiff's execution. It was also in evidence, that after the slaves were sold, and before the return was made, the plaintiff's attorney requested the defendant to apply whatever money was to the execution, and to make the proper return; also, that the attorney demanded whatever sum of money was due on the execution, and when the sheriff refused to pay it, informed him he should rule him for the money and damages. The Court determined, that the defendant, under the circumstances in evidence, was not liable in this form of proceedings, as the notice did not inform him wherein his return was false, and for which he was sought to be made accountable; and instructed the jury, if they believed the return of the sheriff was true as far as it went, yet in this form of proceeding, and under this notice, they must find for the defendant, although the return omitted to set out some facts very material to the plaintiffs' interest.

STARR, for the plaintiffs in error.
MOODY, for the defendant.

GOLDTHWAITE, J.—1. The plaintiffs proceeded against the defendant for a false return merely, and could therefore recover, in the event that the proof sustained their allegation that the return was untrue. The Court very properly instructed the jury, that the omission of certain facts from the return did not falsify those which were stated.

2. It is very possible that, under a proper motion, the defendant might have been made liable; as it certainly deserves consideration whether the sheriff, after charging himself by a

levy, can exonerate himself in any other manner than by shewing on his return every fact necessary to his complete discharge. It is also questionable whether such a return as this, is entitled to be considered as a legal return, for the reason we have stated.

Let the judgment be affirmed.